UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOSE RUBIO,

        Plaintiff,

v.

THE MORTGAGE OUTLET, et al.,

        Defendants.

2:11-CV-550 JCM (RJJ)

**ORDER**

Presently before the court is defendant Residential Credit Solutions, Inc.'s (hereinafter: "RCS") motion to dismiss or, in the alternative, for a more definite statement (doc. #6). Also before the court is defendant RCS's motion to expunge lis pendens (doc. #8). Oppositions to each motion were due on May 14, 2011, and notices of non-opposition have been filed with the court (docs. # 10 & 11).

This action arises out of the plaintiff's attempts to overturn a foreclosure sale of the subject property. Plaintiff defaulted on a loan that was voluntarily entered into for purposes of purchasing the subject property. Plaintiff now asserts six claims for relief: (1) declaratory relief; (2) violation of the Federal Fair Debt Collection Practices Act; (3) intentional infliction of emotional distress (IIED); (4) negligent infliction of emotional distress (NIED); (5) unfair business practices; and (6) quiet title (doc. # 1).

**I.    MOTION TO DISMISS (DOC. #6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

**James C. Mahan**
**U.S. District Judge**

1  as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
2  1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
3  complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
4  line between possibility and plausibility of entitlement to relief.'" *Id.* (*citing Twombly*, 550 U.S. at
5  557). However, where there are well pled factual allegations, the court should assume their veracity
6  and determine if they give rise to relief. *Id.* at 1950.

   Nevada LR 7-2(d) provides in pertinent part that "[t]he failure of an opposing party to file
8  points and authorities in response to any motion shall constitute a consent to the granting of the
9  motion." However, failure to file an opposition to a motion to dismiss is not cause for automatic
10 dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). "Before dismissing the action, the
11 district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's
12 need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of
13 cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v.*
14 *Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

15   Here, those factors weigh toward dismissal. The public's interest in expeditious resolution
16 of litigation, the court's need to manage its docket, and the lack of prejudice weigh in favor of
17 granting the motion to dismiss. Additionally, the motion has merit.

18   **A.   First Claim for Relief – Declaratory Relief**

19   Declaratory relief is a remedy and not a cause of action. *See Stock West, Inc. v. Confederated*
20 *Tribes of Coville Reservations*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, this court cannot
21 determine whether the plaintiff is entitled to such relief at this time. *See Id.*

22   **B.   Second Claim for Relief – Violation of Federal Fair Debt Collection Practices**

23   The Fair Debt Collection Practices Act (FDCPA) provides that activities undertaken in
24 connection with a nonjudicial foreclosure do not constitute debt collection under the FDCPA. *See*
25 *Diessner v. Mortgage Elec. Reg. Sys., Inc.*, 618 F. Supp. 2d 1184, 1188-89. Plaintiff's second claim
26 against RCS must be dismissed because the defendants have undertaken activities connected with
27 the nonjudicial foreclosure sale of the property at issue, and they are not considered "debt collectors"
28

**James C. Mahan**
**U.S. District Judge**

1  under the FDCPA.

2     **C.     Third and Fourth Claims for Relief – IIED and NIED**

3     The elements of a claim for IIED are: (1) extreme and outrageous conduct with either the
4  intention of, or reckless disregard for, causing emotional distress; (2) the plaintiff's having suffered
5  extreme emotional distress; and (3) actual or proximate causation. *Star v. Rabello*, 97 Nev. 124, 125
6  (1981). In order to be liable for IIED or NIED, there must be an underlying tort committed by the
7  defendant which would give rise to the claim. *Shoen v. Anerco, Inc.*, 111 Nev. 735 (1995).
8  "Foreclosure, particularly where there is no legally sufficient claim that it was wrongful, is
9  insufficient to amount to an actionable claim for NIED." *Simon v. Bank of America, N.A.*, 2010 WL
10 2609436, at *12 (D. Nev.).

11    Here, there is no evidence that the foreclosure was wrongful or that there was any other
12 underlying tort. Therefore, the third and fourth claims are dismissed.

13    **D.     Fifth Claim for Relief – Unfair Business Practices**

14    RCS merely purchased the property at foreclosure sale. Plaintiff does not assert any unfair
15 action performed by RCS. Therefore, the fifth claim for relief is dismissed.

16    **E.     Sixth Claim for Relief – Quiet Title**

17    An action to quiet title is an equitable proceeding in which a party seeks to settle a dispute
18 over ownership of property or to remove a cloud upon his title to the property. *MacDonald v.*
19 *Krause*, 77 Nev. 312, 317–18 (Nev. 1961). A widely accepted rule in such actions is that the party
20 must tender the undisputed amount due and owed to challenge the validity of the sale. *See, e.g.,*
21 *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (Cal. Ct. App. 1996). In essence, he
22 who seeks equity must do equity. *See McQuiddy v. Ware*, 87 U.S. 14, 19 (1873).

23    Plaintiff's claim must be dismissed because the plaintiff has defaulted on his loan, and thus,
24 has not done equity. Therefore, the sixth claim for relief is dismissed.

25 **II.   MOTION TO EXPUNGE LIS PENDENS (DOC. #8)**

26    Pursuant to NRS § 14.015, a lis pendens must be expunged if upon 15 days' notice, the party
27 that recorded the lis pendens fails to establish to the satisfaction of the court all of the following

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  elements: "(a) the action is for the foreclosure of a mortgage upon the real property described in the
2  notice or affects the title or possession of the real property described in the notice; (b) the action was
3  not brought in bad faith or for an improper motive; © he will be able to perform any conditions
4  precedent to the relief sought in the action insofar as it affects the title or possession of the real
5  property; and (d) he would be injured by any transfer of an interest in the property before the action
6  is concluded." NRS 14.015 (2). In addition to each of the four elements listed above, the party that
7  recorded the lis pendens must also establish: "(a) that he is likely to prevail in the action; or (b) that
8  he has a fair chance of success on the merits in the action and the injury . . . would be sufficiently
9  serious that the hardship on him in the event of a transfer would be greater than the hardship on the
10 defendant resulting from the notice of pendency, and that if he prevails he will be entitled to relief
11 affecting the title or possession of the real property." NRS 14.015 (3).

12    As the court held that there were no viable claims in the complaint, plaintiff's lis pendens
13 must be expunged.

14    Accordingly,

15    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Residential
16 Credit Solutions, Inc.'s motion to dismiss (doc. #6) be, and the same hereby is, GRANTED.

17    IT IS FURTHER ORDERED that defendant Residential Credit Solutions, Inc.'s motion to
18 expunge lis pendens (doc. #8) be, and the same hereby is, GRANTED.

19    DATED August 9, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**